UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DANA D. JACKSON ROYAL,<br><br>Plaintiff,<br><br>v.<br><br>IMMIGRATION CUSTOMS ENFORCEMENT OF NEW YORK and BMO HARRIS OF INDIANA,<br><br>Defendants. | Case No. 19-cv-2333 (MJD/DTS)<br><br>**REPORT AND RECOMMENDATION** |

This matter comes before the Court on Plaintiff Dana D. Jackson Royal's (1) Complaint, ECF No. 1; (2) Motion to Request Service on Defendants, ECF No. 5 (Service Motion); and (3) Motion to Request Monetary Relief, ECF No. 6 (Monetary-Relief Motion). For the following reasons, the Court recommends dismissing the Complaint without prejudice and denying the Service Motion and the Monetary-Relief Motion as moot.

**I.   BACKGROUND**

Royal filed this action on August 23, 2019. *See* Compl. 1. The Complaint names two defendants: "Immigration Customs Enforcement of New York" and "BMO Harris of Indiana." *Id.*

The Complaint's allegations are—to say the least—sparse. The entire set of allegations in the Complaint's "Statement of the Claim" section reads as follows:

> Extortion to me and my husband of 10's of thousands of dollars from Queens New York and starvation of him in both U.S. and Canada. He is a Royal like Me, my husband. ICE knew there endangerment of our safety was wrongful and

> bears no basis of rightfulness.  BMO Harris denied me service and said I can never in life open an account with them from the back office person, said.

*Id.* at 5 (errors in original).

The Complaint's jurisdictional discussion seems to have a related allegation; Royal states there that "ICE committed two many extortions of money with intent to kill my husband a Royal and deported him to Nigeria when he is a European black man." *Id.* at 4 (errors in original).  The Court also observes that the Monetary-Relief Motion asserts that "[ICE] conned [Royal] into writing near $70,000 in cashier checks in order to allow my significant other to stay in this country."  Monetary-Relief Mot. 1.

With respect to relief, the Complaint seeks the following:

> I want to own the bMO Harris branches and exploit their lawlessness for millions in returns.  From New York ICE and BMO Harris whatever the Judge deems just and proper.

Compl. 4 (errors in original).  The Court notes that in the Monetary-Relief Motion, Royal specifies that she seeks $3 million in damages.  *See* Monetary-Relief Mot. 1.  Given these various statements, the Court construes Royal as seeking only monetary relief.

## II.   ANALYSIS

   1.   Applicable Standards

Royal did not pay this action's filing fee; she instead filed for in forma pauperis (IFP) status.  *See* Appl. to Proceed in Dist. Ct. Without Prepaying Fees or Costs, ECF No. 2.  In a prior order, this Court granted Royal's IFP application.  *See* Order 4, ECF No. 4.  In cases in which a plaintiff seeks and receives IFP status, 28 U.S.C. § 1915(e)(2) specifies that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  While § 1915(e)(2) speaks in

2

terms of dismissing "the case," courts routinely dismiss portions of cases (as opposed to entire actions) on the basis of this provision. *See, e.g.*, *Bonczek v. Bd. of Trustees Nat'l Roofing Indus. Pension Plan*, No. 14-CV-3768 (JRT/LIB), 2015 WL 1897837, at *4 (D. Minn. Apr. 23, 2015); *Abduljabbar v. Minn. Dep't of Transp.*, No. 14-CV-3583 (ADM/JSM), 2014 WL 7476513, at *4 (D. Minn. Nov. 5, 2014), *report and recommendation adopted*, 2015 WL 75255 (D. Minn. Jan. 6, 2015).

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). The complaint's factual allegations need not be detailed, but they must be enough to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing a complaint's sufficiency, the court may disregard legal conclusions couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but must still allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing cases).

Furthermore, under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Again, while Rule 12(h)(3) speaks of dismissing "the action," courts routinely use the rule to dismiss portions of actions where jurisdiction is lacking. *See, e.g.*, *Chernin v. United States*, 149 F.3d 805, 813–14 (8th Cir. 1998); *In re Polaris Mktg., Sales Practices, and Prod. Liab. Litig.*, 364 F. Supp. 3d 976, 982–84 (D. Minn. 2019).

3

2.     Claims Against Immigration Customs Enforcement of New York

For the defendant named as "Immigration Customs Enforcement of New York," the Court construes Royal as seeking to sue U.S. Immigration and Customs Enforcement (ICE). ICE is a division of the U.S. Department of Homeland Security. *See, e.g.*, *Chuol v. Sessions*, No. 17-CV-4700 (JNE/TNL), 2018 WL 1598624, at *1 (D. Minn. Feb. 27, 2018), *report and recommendation adopted*, 2018 WL 1587611 (D. Minn. Apr. 2, 2018).

Royal's claims against ICE are lurid, but even if the Court found them plausible—a question it need not decide—the Complaint runs afoul of constraints on federal-court jurisdiction. "[I]t is well established that suits against federal agencies . . . are really suits against the federal government itself." *Hussein v. Sessions*, No. 16-CV-0780 (SRN/SER), 2017 WL 1954767, at *3 (D. Minn. May 10, 2017) (citing cases), *aff'd*, 715 F. App'x 585 (8th Cir. 2018). The federal government possesses sovereign immunity from suit, and so in a case where the United States is the real defendant, a federal court has jurisdiction only to the extent that Congress has waived the federal government's sovereign immunity. *See, e.g.*, *Kerber v. Carver Cty. Farm Serv. Agency*, No. 18-CV-0907 (MJD/BRT), 2018 WL 6529494, at *2 (D. Minn. Dec. 12, 2018) (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471. 475 (1994)).

In this case, Royal does not point to—and this Court is unaware of—any applicable waiver.[1] The federal government's sovereign immunity thus applies, and the Court therefore recommends dismissing ICE from this action without prejudice.

---

[1] Under § 702 of the Administrative Procedures Act, the United States has waived sovereign immunity for lawsuits that, among other things, "seek[] relief other than money damages." 5 U.S.C. § 702; *see also Batsche v. Burwell*, 210 F. Supp. 3d 1130, 1133 (D. Minn. 2016) (discussing § 702), *aff'd sub nom. Batsche v. Price*, 875 F.3d 1176 (8th Cir. 2017). That waiver does not apply here, however, as Royal only seeks monetary damages.

### 3. Claims Against BMO Harris of Indiana

This leaves Royal's claims against "BMO Harris of Indiana" (BMO Harris). As a threshold point, the Complaint as pled suggests that this Court has jurisdiction here. Royal points to no federal law or treaty governing a claim against BMO Harris, so federal-question jurisdiction under 28 U.S.C. § 1331 does not exist. But Royal has adequately pleaded diversity jurisdiction under 28 U.S.C. § 1332: she asserts that she and BMO Harris are citizens of different states, *see* Compl. 4, and alleges a multimillion-dollar amount in controversy. *Cf. Am. Family Mut. Ins. Co. v. Vein Ctrs. for Excellence, Inc.*, 912 F.3d 1076, 1080 (8th Cir. 2019) ("Typically, complaints need only allege the jurisdictional amount in good faith and will be dismissed only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." (citation and internal punctuation and brackets omitted)).

The Court nevertheless recommends dismissing BMO Harris as a defendant; Royal fails to state a claim against it for which this Court can grant relief. The Complaint's only against BMO Harris are that it "denied [Royal] service" and apparently told her that she could "never in life" open an account there. *See* Compl. 5. Royal nowhere explains what law—state or federal—bars BMO Harris from refusing to provide her service, and without any other allegations (e.g., an allegation that BMO Harris's refusal was based on an impermissible reason), the Court knows of no applicable laws. Royal has thus failed to state a claim for which this Court can grant relief with respect to BMO Harris. The Court thus recommends dismissing BMO Harris from this action without prejudice.

### III.  CONCLUSION

Because this Court recommends dismissing both named defendants from this action without prejudice, it recommends dismissing the Complaint in its entirety without prejudice.  Given this outcome, the Court further recommends denying the Service Motion and the Monetary-Relief Motion as moot.

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. Plaintiff Dana D. Jackson Royal's Complaint, ECF No. 1, be **DISMISSED WITHOUT PREJUDICE**.

2. Royal's Motion to Request Service on Defendants, ECF No. 5, be **DENIED**.

3. Royal's Motion to Request Monetary Relief, ECF No. 6, be **DENIED**.

Dated: October 22, 2019                    s/David T. Schultz
                                           DAVID T. SCHULTZ
                                           United States Magistrate Judge